UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| THE COMPLAINT OF ) | Civil Action No. 1:24-cv- |
| CHICAGO LAKEFRONT CRUISES, LLC ) | |
| as Owner of the M/V SUMMER OF GEORGE, ) | *In Admiralty* |
| for Exoneration from or Limitation of Liability. ) | |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW COMES plaintiff-petitioner, Chicago Lakefront Cruises LLC, as Owner of the *Summer of George* ("Petitioner"), and for its Complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, states as follows:

**Jurisdiction and Venue**

1. This is an admiralty and maritime claim for exoneration from, or limitation of, liability pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. This Court has admiralty and maritime jurisdiction over this matter pursuant to 28 U.S.C. § 1333. This is an action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. Venue is proper in this court as the vessel *Summer of George* (Official No. 507102) (the "Vessel") is found within this judicial district.

4. This action arises under the laws of the United States, specifically those laws defining a vessel owner's right to limitation and/or exoneration pursuant to 46 U.S.C. §§ 30501, *et seq.* and various statutes, rules, and regulations relating thereto.

5. At all times relevant hereto, the Petitioner was and is the owner of the Vessel, a passenger vessel of 95 gross tons.

### The Background Facts

6. At all times relevant hereto, Petitioner took all the appropriate steps, necessary actions and exercised due diligence to make and maintain the Vessel, in all respects, fully and properly equipped and supplied, fitted with suitable machinery, tackle, apparel, gear pumps, appliances, etc., all in good order and condition and suitable for the purpose for which it was employed.

7. On the date of the incident, the Vessel had a value of $235,000.00. *Exhibit A, Declaration of Robert Ojala*. The Vessel carries passengers and therefore there was no pending freight.

8. On September 12, 2022, Beamer Laser Marking Systems, through their National Sales Manager, Nicholas Kaczmarski, signed a Passenger Contract Agreement with Chicago Lakefront Cruises for a cruise aboard the Vessel from 8:00 PM to 11:00 PM on that same date, departing from River City Marina, Chicago, Illinois.

9. On September 12, 2022, the Vessel departed from and returned to River City Marina pursuant to the Passenger Contract Agreement (the "Voyage").

10. Upon information and belief, Kelly Wilhelm was a passenger on the Vessel during the Voyage.

11. Kelly Wilhelm alleges to have fallen down a stairwell aboard the Vessel at the end of the Voyage as patrons were preparing to disembark.

12. On July 18, 2023, Chicago Lakefront Cruises LLC received written notice regarding Kelly Wilhelm's injury claim by way of services of a complaint filed against Chicago

Lakefront Cruises LLC, in the Circuit Court of Cook County, Illinois, Case No. 2023L004630 ("State Court Complaint"). *Exhibit B, State Court Complaint*.

13. The State Court Complaint alleges that the Plaintiff sustained severe injuries, including a cerebral hemorrhage, cervical fracture, fractured teeth, nasal fracture, and a laceration on her lip, as a result of her fall on board the Vessel.

14. As a result of the foregoing, Petitioner anticipates that various claims will be asserted against it in a total amount which exceeds the value of Petitioner's interest in the Vessel.

### Claim for Exoneration or Limitation of Liability

15. The losses and damages allegedly resulting from the matters aforesaid were neither caused, nor contributed to by any fault or neglect on the part of Petitioner, nor of anyone for whose act Petitioner is or may be responsible, nor were said losses and damages in any way caused by an unseaworthy condition aboard the Vessel.

16. The alleged losses and damages referred to above were occasioned and incurred without Petitioner's privity or knowledge and without privity or knowledge of those persons or entities for which Petitioner or the Vessel would be responsible.

17. Petitioner contests its liability for all such claims and is entitled to exoneration from any liability in connection with the aforesaid facts. Should this Honorable Court, however, adjudge that Petitioner is in any way liable for the aforesaid loss or damages claimed, then Petitioner is entitled to limit its liability as provided in 46 U.S.C. §§ 30501, *et seq.*, Rule F of the Supplemental Rules of Admiralty, and all statutes and rules amendatory thereof and supplementary thereto.

18. This Complaint for exoneration from or limitation of liability is filed within six months of first receiving written notice of a claim.

19. Petitioner avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the above referenced Voyage so far as is known to Petitioner.

20. The Vessel has not been attached or arrested to answer for any claims arising out of the incident subject to this Complaint.

21. Petitioner further specifically avers that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of its liability underwriters who shall be entitled to exoneration from or limitation of liability to the same extent as Petitioner, and whose liability in the premises, if any, shall accordingly not exceed Petitioner's liability, if any.

WHEREFORE, Petitioner prays:

A. That this Honorable Court enter an Order approving the payment of costs filed by Petitioner into the Registry of the Court in the amount of $250.00;

B. That this Honorable Court enters an Order approving security for the benefit of claimants, in a sum equal to the amount or value of the owner's interest in the Vessel and pending freight totaling $235,000.00, in the form of a Letter of Undertaking from the Vessel owner's insurer;

C. That upon filing and approval of the foregoing, this Court shall issue an injunction restraining the commencement or prosecution of any and all actions, suits, or legal proceedings of any kind against Petitioner or the Vessel or any other property owned by Petitioner arising out the underlying occurrences described in this Complaint, other than in these proceedings;

D. That the Court cause notice to be issued to all persons, firms, and corporations having or alleging to have claims by reason of the underlying occurrences described in this Complaint ("Claimants"), admonishing such Claimants to appear and file their claims before this Court on or before the date to be fixed by this Court and as specified in the notice or be forever barred and permanently enjoined from making and filing any such claim; and to answer the premises of this Complaint;

E. That the Court adjudge that Chicago Lakefront Cruises LLC, or its insurers and underwriters, and/or the Vessel are not liable for any damages, demands, or claims whatsoever in consequence of or arising out of or connected with the alleged incident recited above;

F. That, alternatively, should this Court find that Chicago Lakefront Cruises LLC or its insurers and underwriters, and/or the Vessel are liable to any extent, that such liability be limited to the amount of Chicago Lakefront Cruises LLC's interest in the Vessel at the termination of the Voyage; and that a decree be entered discharging the Petitioner and the Vessel from any liability in consequence of or arising out of or connected with the incident recited above; and

G. That this Court grant such other and further relief as it sees just and proper.

        Respectfully submitted,

        CHICAGO LAKEFRONT CRUISES LLC,
        as Owner of the *Summer of George*,

        s/ Timothy S. McGovern
        Its attorney

**Zeiler Floyd Zadkovich (US) LLP**
Timothy S. McGovern (#6275492)
Rowland A. Edwards
Wafeek M. Elafifi
53 West Jackson Boulevard
Suite 1240
Chicago, Illinois 60604
tele.:  (312) 579-8380
email:  tim.mcgovern@zeilerfloydzad.com
       rowland.edwards@zeilerfloydzad.com
       wafeek.elafifi@zeilerfloydzad.com